COMMUNITY INVESTMENT CO., A PARTNERSHIP, PLAIN-
TIFF-APPELLANT, v. MAYOR AND TOWNSHIP COM-
MITTEE OF THE TOWNSHIP OF LAKEWOOD, IN THE
COUNTY OF OCEAN, AND ARMORY PARMENTIER, TAX
COLLECTOR OF THE TOWNSHIP, DEFENDANTS-RE-
SPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 13, 1969—Decided January 24, 1969.

Before Judges SULLIVAN, FOLEY and LEWIS.

*Mr. Harry Dvorken* argued the cause for appellant.

*Mr. James P. Jeck* argued the cause for respondents.

PER CURIAM. This is an in lieu action to determine the validity of tax sale certificates issued to defendant township. Following the close of the pleadings both plaintiff and defendants moved for summary judgment. The trial court denied plaintiff's motion and granted that of defendants. Plaintiff appeals.

The issue is narrow and involves the interpretation of *N. J. S. A.* 54:5–30.1, which provides:

"Whenever the governing body of a municipality shall by resolution determine that a particular parcel or parcels of real estate, scheduled to be sold at public auction pursuant to the tax sale law, would be useful for a public purpose, it may authorize and direct a municipal official to attend the auction and bid for such parcel or parcels at such sale on behalf of the municipality in the same manner as any other bidder."

Pursuant to this statute the township governing body on December 7, 1967 enacted a resolution which authorized and directed the township counsel to attend a forthcoming tax sale of property in the township and bid for certain tracts and parcels on behalf of the municipality. The resolution contained a declaration that the particular tracts and parcels involved in the tax sale would be useful for the public purpose or purposes. The sale was held on January 5, 1968. Plaintiff and defendant were the only bidders. Plaintiff bid an 8% interest rate for 272 of the 1182 parcels enumerated in the resolution and tendered $4,276 in full payment of the face amount of the liens. The township then bid a 7% interest rate. Over the protest of plaintiff that the township bid was illegal, defendant tax collector accepted that bid and struck off the tax sale certificates to the township.

Plaintiff then brought the in lieu action to have the township resolution and the rejection of plaintiff's bid held illegal,

to require the tax collector to accept plaintiff's bid and issue tax sale certificates in accordance with it, and to direct the township to cancel any tax sale certificates it had received.

Plaintiff's major contention at trial level and on this appeal is that the township resolution was contrary to law because the governing body failed to determine the *specific* public purpose for which the subject premises were to be used.

In effect, the trial court held that the purpose of the statute was to enable the municipality to compete on equal footing with other bidders at a tax sale, a right which it did not have prior to the enactment of *N. J. S. A.* 54:5–30.1, and further that where, as here, a governing body acting in good faith determines that the land involved would be useful for a public purpose the statute does not require it to determine a particular public purpose for each parcel upon which the municipality is to bid.

We think that in the circumstances of this case, where the good faith of the governing body is not challenged, no palpably genuine issue of fact relating to the township's right to bid competitively was presented, and that the trial court properly entered summary judgment in its favor. Specifically, we hold that the recital in the resolution that the property "would be useful for the public purpose or purposes" was in the circumstances a sufficient basis for the township's participation in the auction. The remaining points are without merit.

Affirmed.